STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1268

WESTBANK PHARMACY OF BELLE CHASE, LLC

VERSUS

LOUISIANA BOARD OF PHARMACY

**Judgment Rendered:**     MAY 3 1 2024

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C727865

Honorable Beau Higginbotham, Presiding

* * * * * *

| | |
|---|---|
| Antonio M. "Tony" Clayton<br>D'Ann R. Penner<br>Port Allen, LA | Counsel for Plaintiff/Appellee<br>Westbank Pharmacy of Belle Chase,<br>LLC |
| H. Minor Pipes, III<br>Katherine S. Roth<br>Jeffery A. Clayman<br>New Orleans, LA | |
| Celia R. Cangelosi<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>Louisiana Board of Pharmacy |
| Shelton Dennis Blunt<br>Monica M. Vela-Vick<br>Baton Rouge, LA | Counsel for Intervenor/Appellee<br>Crescent City Therapeutics, LLC |
| David "Beau" D. Haynes<br>New Orleans, LA | |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Lanier, J. Concurs.

**GUIDRY, C.J.**

The Louisiana Board of Pharmacy (Board) appeals from a district court judgment reversing the Board's December 15, 2022 final order, which had awarded the State of Louisiana's tenth therapeutic marijuana pharmacy license to Crescent City Therapeutics, LLC (Crescent City), and remanding the matter to the Board to conduct a hearing to consider all fourteen pharmacies that were favorably reviewed by the Board's Application Review Committee, taking into consideration all the criteria set forth in La. R.S. 40:1046, the Louisiana Administrative Code Title 46:LIII, and the Board's Region 1-Solicitation 2-Evaluation Criteria. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

In 2015, the Louisiana Legislature enacted La. R.S. 40:1046, known as the "Alison Neustrom Act," which provides, among other things, for the prescription of marijuana for therapeutic use and the adoption of rules and regulations by the Board relating to the prescribing, dispensing, and producing of marijuana for therapeutic use. 2015 La. Acts, No. 261, §§1 and 2. The Board originally awarded nine licenses, one for each administrative region of the Louisiana Department of Health. Thereafter, the Louisiana Legislature amended La. R.S. 40:1046 to provide for the award of a tenth license to the region with the highest population density as of August 1, 2022. 2022 La. Acts, No. 491, §1. After Region 1, consisting of Jefferson Parish, Orleans Parish, Plaquemine Parish, and St. Bernard Parish, was identified as the region with the highest population density, the Board solicited applications for award of the tenth therapeutic marijuana pharmacy license.

Thirty applicants submitted applications, including Westbank Pharmacy of Belle Chase, LLC (Westbank) and Crescent City. The Board's Application Review Committee (Committee) evaluated these applications and recommended seven of these applicants to the Board, including Westbank and Crescent City. The Board

2

conducted hearings on December 14 and 15, 2022, to evaluate on a competitive basis the seven recommended applications and seven additional applications for the tenth therapeutic marijuana pharmacy license, to consider the recommendations of the Committee, and to award on a competitive basis the tenth therapeutic marijuana pharmacy license. The Board ultimately awarded the tenth license to Crescent City, whose proposed location was in Kenner, Louisiana in Jefferson Parish.

Thereafter, Westbank filed a Petition for Judicial Review, seeking reversal of the Board's decision to award the tenth therapeutic marijuana pharmacy license to Crescent City and requesting that the license be awarded to Westbank. Westbank alleged that there currently exists a therapeutic marijuana pharmacy in Orleans Parish and that the holder of that license intended to open a statutorily permitted satellite location in Jefferson Parish. As such, Westbank alleged that the Board: violated statutory provisions by selecting a pharmacy that was not in an unserved parish; exceeded its statutory authority by making a decision inconsistent with what the Louisiana Legislature required in Act 491; rendered its decision based on unlawful procedure by using irregular and unlawful procedures to make its decision; and failed to adhere to the law applicable to the awarding of the tenth license. Westbank also alleged that the Board was arbitrary and capricious and/or abused its discretion in determining that Crescent City was the "most qualified applicant" and that this decision was not supported by a preponderance of the evidence.[1]

In its brief filed with the district court, Westbank specified four errors committed by the Board that it alleged prejudiced Westbank's substantial rights and justified reversal of the Board's final order and award of the license to Westbank: (1) the Board exceeded its statutory authority and abused its discretion in awarding

---

[1] On April 17, 2023, Crescent City filed a Petition For Intervention, maintaining that it was properly awarded the tenth therapeutic marijuana pharmacy license and requesting that judgment be rendered in favor of the Board, maintaining the award to Crescent City and denying all relief requested by Westbank.

the tenth license to a pharmacy location that is in an already served, not unserved, parish and that was "strategically designed" to serve cities outside of Region 1, rather than within Region 1; (2) the Board acted arbitrarily and capriciously in placing a medical marijuana pharmacy just 6.3 miles from an existing medical marijuana pharmacy in contravention of its own criteria for awarding the tenth license; (3) the Board abused its discretion and acted arbitrarily and capriciously in awarding the tenth license to a pharmacy whose pharmacist-in-charge answered "Yes" to the criminal history question on the application but apparently did not supply the required final disposition and personal letter of explanation; and (4) the Board's finding that Crescent City was the most qualified applicant is not supported by a preponderance of the evidence because Westbank's location, unlike Crescent City's, is in an unserved parish, Westbank's pharmacist-in-charge has experience working in an actual medical marijuana pharmacy, unlike Crescent City, and Crescent City's pharmacist-in-charge answered "yes" to the criminal history question on the application without providing the required supplemental information.

Thereafter, Westbank filed a motion to supplement the administrative record, seeking issuance of an order directing the Board to supplement the administrative record on appeal with all omitted record materials, including all documents related to the character and fitness of any member of Crescent City. Particularly, Westbank noted that Crescent City's application appears to indicate that Crescent City supplied a supplemental document that might have contained the required information regarding the pharmacist-in-charge's criminal history but that the mentioned document is not a part of the administrative record. The Board supplemented the administrative record with the information that was inadvertently omitted from the record originally filed.

Following a hearing, the district court found that the Board abused its discretion in awarding the tenth therapeutic pharmacy license to Crescent City when

the Board did not consider its own criteria in the Region 1-Solicitation 2-Evaluation Criteria during its hearings, as there was no evidence that the award of the tenth license was for an underserved parish, there was minimal evidence presented regarding the proximity to previously approved or proposed marijuana pharmacies, and no evidence was presented as to whether the patient population justifies the need for a pharmacy in that area. Because of this lack of evidence, and the district court's determination that the record lacked evidence these specific evaluation criteria were considered by the Board, the district court further found that the Board's decision was not supported by a preponderance of the evidence and was therefore, arbitrary and capricious. As such, the district court signed an order reversing the December 15, 2022 final order of the Board, awarding the tenth therapeutic marijuana pharmacy license to Crescent City and remanding the matter to the Board with instructions to conduct a hearing within thirty days to consider all fourteen pharmacies that were favorably reviewed by the Application Review Committee with all the criteria set out pursuant to La. R.S. 40:1046, the Louisiana Administrative Code Title 46:LIII, and the Board's Region 1-Solicitation 2-Evaluation Criteria.

The Board now appeals from the district court's judgment.

## STANDARD OF REVIEW

The scope of review of administrative agencies in the performance of a discretionary duty is restricted to a determination of whether the agency's action can be deemed to have been unreasonable, arbitrary or capricious, or whether it amounted to an abuse of power. Bowers v. Firefighter's Retirement System, 08-1268, p. 4 (La. 3/17/09), 6 So. 3d 173, 176. "Arbitrary and capricious" means the absence of a rational basis for the action taken. Bowers, 08-1268 at p. 4, 6 So. 3d at 176. If the evidence, as reasonably interpreted, supports the agency's determinations, then the agency's decisions are accorded great weight and will not

5

be reversed or modified in the absence of a clear showing that the administrative action was arbitrary or capricious. United Healthcare Insurance Company v. State, Division of Administration, 11-1398, p. 7 (La. App. 1st Cir. 9/28/12), 103 So. 3d 1095, 1099. Furthermore, under the arbitrary and capricious standard, an agency decision is entitled to deference in its interpretation of its own rules and regulations; however, it is not entitled to deference in its interpretation of statutes and judicial decisions. Bowers, 08-1268, pp. 4-5, 6 So. 3d at 176.

## DISCUSSION

Louisiana Revised Statutes 40:1046(G)(1)(a) provides:

> The Louisiana Board of Pharmacy shall develop an annual license for a pharmacy to dispense recommended marijuana for therapeutic use and, except as provided in Paragraph (3) of this Subsection, shall limit the number of licenses granted in the state to no more than ten licenses. Except as provided in Subparagraph (b) of this Paragraph, the board shall award one license per region as delineated in Paragraph (2) of this Subsection and one additional license to the region with the highest population density as of August 1, 2022, and shall award each license through a competitive process. The board shall consider the status of an applicant as a minority-, woman-, or veteran-owned business as a *primary factor* in awarding a license. [Emphasis added.]

Additionally, La. R.S. 40:1046(C)(1) and (2)(j) provide that the Board shall adopt rules relating to therapeutic marijuana, which shall include rules related to the licensure of dispensers of recommended therapeutic marijuana. The Board adopted rules in conformity with its legislative mandate, which are found in LAC 46:LIII, §§2440-2459. Louisiana Administrative Code 46:LIII, §2445 provides for the marijuana pharmacy permit, which once issued, authorizes the operation of a marijuana pharmacy. Section 2445 further provides for the issuance by the Board of notice that it is accepting applications, the requirements for notice, and that an award of a marijuana pharmacy permit shall be based on the criteria set out in the notice of open applications.

Louisiana Administrative Code 46:LIII, §2447 sets forth procedures for issuance of the pharmacy permit. According to Section 2447(13), a complete

6

application shall be referred to the Committee, who will then conduct a hearing and evaluate the application for the marijuana pharmacy permit by considering a myriad of criteria listed therein, including but not limited to the character and fitness of the owner's managing officer and pharmacist-in-charge and the location of the proposed marijuana pharmacy, including its proximity to previously approved marijuana pharmacies and whether the patient population in the area supports the proposed pharmacy. Following the evaluation, the Committee shall compile a recommendation for presentation to the Board at the Board's next meeting, and the Board may accept the Committee's recommendation, select an alternative applicant, reject all of the applicants, or return all the applicants to the Committee for its reconsideration. LAC 46:LIII, §2447(14). The decision of the Board to award or not award a marijuana pharmacy permit to an applicant shall be final. LAC 46:LIII, §2447(16).

In the instant case, the Board published "Therapeutic Marijuana Pharmacy Solicitation 2" on August 4, 2022. The solicitation invited applications for a tenth therapeutic marijuana pharmacy permit to be awarded to Region 1 and specified that *"[t]he Board shall consider the status of the applicant as a minority, woman, or veteran-owned business as a primary factor in awarding a permit in accordance with La. R.S. 40:1046[(G)(1)]."* The solicitation did not specify a preferred location but noted that *"[t]he Board shall consider any unserved parishes within the region when approving a satellite location or additional marijuana pharmacy for licensure in accordance with La. R.S. 40:1046[(G)(3)](d)."* Additionally, the solicitation included some of the criteria set forth in LAC 46:LIII, §2447(13).

In the instant case, thirty applicants responded to the solicitation, and their applications were evaluated by the Committee. Seven applicants, including Westbank and Crescent City, were recommended by the Committee as being the

7

most qualified for the Board's consideration.[2] After considering the application materials and exhibits, in addition to any testimony offered, the Board accepted the recommendation of the Committee and awarded the tenth marijuana pharmacy license to Crescent City.

From our review of the administrative record, we do not find that the Board's decision to award the tenth marijuana pharmacy license to Crescent City was arbitrary or capricious or otherwise amounted to an abuse of power. Crescent City was recommended to the Board by the Committee as being one of seven applicants most qualified for the Board's consideration. Furthermore, La. R.S. 40:1046(G)(1)(a) provides that the Board "shall consider the status of an applicant as a minority-, woman-, or veteran-owned business as *a primary factor* in awarding a license." (Emphasis added.) Crescent City meets all three of these criteria. As such, because the Board exercised its discretion to accept an applicant recommended by the Committee as being qualified, and the applicant meets the primary statutory criteria to be considered by the Board in awarding a license, we cannot say that the Board's decision was arbitrary and capricious.[3]

Furthermore, we fail to find that La. R.S. 40:1046(G)(3) applies to the instant

---

[2] Fourteen applications were considered by the Board, but only seven applicants were recommended by the Committee.

[3] Westbank alleged that the Board was also arbitrary and capricious in awarding a license to an applicant whose proposed location was 6.3 miles from an existing therapeutic marijuana pharmacy in contravention of its own criteria and in awarding a license to an applicant whose pharmacist-in-charge had answered "Yes" to the criminal history question on the application but who did not submit the required supporting documentation. From our review of the administrative record, we find both of these arguments to be without merit.

First, with regard to proximity, Westbank acknowledges that Crescent City's proposed pharmacy location is further than the five-mile radius specified in the criteria. Additionally, with regard to the criminal history information, Westbank acknowledged in its request for supplementation of the record in the administrative review proceeding that this information appeared to have been provided to the Board with the application, and the subsequent supplementation of the record demonstrates that this information was provided with Crescent City's application but was inadvertently omitted from the administrative record. As such, we find both of these arguments to be without merit.

case. Louisiana Revised Statutes 40:1046(G)(3) provides:

(3)(a) After three thousand five hundred active, qualified patients are identified in the prescription monitoring program in a region, the Louisiana Board of Pharmacy shall notify and allow the marijuana pharmacy licensee in that region to open one additional marijuana pharmacy location as a satellite location in that region. For the purposes of this Paragraph, "satellite location" shall mean an additional marijuana pharmacy location operated by a marijuana pharmacy licensee within the licensee's geographic region but physically separate from the location of the originally licensed therapeutic marijuana pharmacy.

(b) After seven thousand active, qualified patients are identified in the prescription monitoring program in a region, the Louisiana Board of Pharmacy shall notify and allow the marijuana pharmacy licensee in that region to open one additional marijuana pharmacy location as a second satellite location in that region.

(c) The licensee shall submit an application to open a satellite location provided for in this Paragraph no later than ninety days after receipt of the notification sent by the Louisiana Board of Pharmacy pursuant to Subparagraph (b) of this Paragraph to inform the licensee of his eligibility to open a satellite location. The satellite location shall be operational within three hundred ten days of the approval of the application by the Louisiana Board of Pharmacy. The Louisiana Board of Pharmacy may grant additional time for the satellite location to become operational due to a circumstance beyond the control of the licensee. If a marijuana pharmacy licensee declines to open a satellite location pursuant to Subparagraph (a) or (b) of this Paragraph, then the Louisiana Board of Pharmacy may issue, pursuant to the provisions of Paragraph (1) of this Subsection, an additional marijuana pharmacy license in that region to open one marijuana pharmacy location in lieu of the original licensee's satellite location in that region.

(d) The board shall consider any unserved parishes within the region when approving a satellite location or additional marijuana pharmacy for licensure pursuant to this Paragraph.

(e) For the purposes of this Paragraph, the active, qualified patient count shall be conducted and reviewed on a quarterly basis using the preceding three-month period.

In filing its petition for judicial review, Westbank alleged that the Board failed to consider unserved parishes within Region 1 when approving the tenth marijuana pharmacy permit as statutorily required by La. R.S. 40:1046(G)(3)(d) and as referenced in the solicitation published by the Board. However, a plain reading of Paragraph 3 indicates that it only applies when a marijuana pharmacy licensee in a

region opens an additional marijuana pharmacy location as a satellite location, or in the instance when the licensee declines to open a satellite location, the Board issues an additional license in lieu of the original licensee's satellite location. Furthermore, subparagraph (d), providing for consideration of unserved parishes within a region, specifically states such criteria shall be considered when approving a satellite location or additional pharmacy for licensure *pursuant to this Paragraph.* The issuance of the tenth marijuana pharmacy permit was pursuant La. R.S. 40:1046(G)(1) and not (G)(3).

Additionally, we do not find that the inclusion of the language of subparagraph (d) in the solicitation supports the conclusion that the consideration of unserved parishes is statutorily required. As we have found, the plain language of the statute is clear that the requirement that the Board consider any unserved parishes within the region only applies to licenses issued pursuant to paragraph (G)(3), and we owe no deference to the Board's interpretation of statutory law. See Bowers, 08-1268, pp. 4-5, 6 So. 3d at 176.

Accordingly, after our review of the administrative record and applicable statutory law, we find that the district court erred in finding that the Board acted arbitrarily and capriciously in awarding the tenth therapeutic pharmacy license to Crescent City.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and reinstate the Louisiana Board of Pharmacy's December 15, 2022 order. All costs of this appeal are assessed to Westbank Pharmacy of Belle Chase, LLC.

**DISTRICT COURT JUDGMENT REVERSED; LOUISIANA BOARD OF PHARMACY'S DECEMBER 15, 2022 ORDER REINSTATED.**